**UNITED STATES of America**
**v.**
**Norman H. BANKS, Defendant.**
**Crim. No. 44629.**

United States District Court
E. D. New York.
Feb. 4, 1957.

Leonard P. Moore, U. S. Atty., for the Eastern District of New York, Brooklyn, N. Y., for the United States, by Morton J. Schlossberg, Asst. U. S. Atty., Brooklyn N. Y.

Jacob P. Lefkowitz, New York City, for defendant.

BYERS, District Judge.

This is a motion for a Bill of Particulars of an indictment of twenty-one counts in which the defendant is charged with violating that provision of the Internal Revenue Code found in Title 26 U.S.C. § 3793(b) (1), reading as follows:

"(b) Fraudulent returns, affidavits, and claims.

"(1) Assistance in preparation or presentation. Any person who willfully aids or assists in, or procures, counsels, or advises the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a false or fraudulent return * * * shall (whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, * * *) be guilty of a felony, and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than five years, or both, together with the costs of prosecution."

The indictment is substantially in the words of the statute as to each count, namely that the defendant "did wilfully and knowingly aid and assist in, and counsel, procure and advise the prepara-

tion and presentation to the Collector * * * of a false and fraudulent income tax return * * *" concerning each of ten named persons filing income tax returns for the calendar years 1951 to 1953 inclusive, although not for each of those years as to every person so named. Thus:

| Counts | 1– 3 | Bauman |
|---|---|---|
| " | 4– 6 | Brown |
| " | 7 | Dorer |
| " | 8–10 | Fields |
| " | 11–13 | Hopp |
| " | 14 | Lebel |
| " | 15–17 | Lilley |
| " | 18–19 | Wanser |
| " | 20 | Wheeler |
| " | 21 | Fragomani. |

In each count the allegation is that a deduction was claimed in a given amount, "whereas, as the defendant then and there well knew, the total deductions which the said taxpayer was entitled to claim for said calendar year were in the sum of * * *," a lower figure in each case being stated.

The motion for the bill specifies eleven respects in which particulars are demanded.

■ The first six demands are separate as to the verbs "aid," "assist," "procure," and "advise" and in effect seek to have the Government state whether any of these alleged acts were personally done by the defendant and whether in writing or otherwise.

This amounts to a requirement that the Government should state the method said to have been employed by the defendant; in other words how he is alleged to have functioned. This is tantamount to asking for a disclosure of evidence, and to that extent is denied.

However, it seems that the defendant should be apprised as to whether it is the personal act of the defendant as to each taxpayer, or some one who may have been in his employ, and if so whom, that the Government expects to rely upon; so much may be necessary to

enable him to defend himself at the trial. The motion is granted to that limited extent, otherwise denied.

■ The seventh demand is to know whether the defendant is charged with regard "to all items appearing in the income tax returns of said persons or only with regard to the 'falsely claimed' items."

Since the charges in the various counts are specifically stated, as above described, it seems obvious that this request is unnecessary. It is denied.

■ The eighth demand is whether the claim is that the defendant knew that the "falsely claimed" items were false prior to the preparation and presentation, etc.

As to *when* the defendant is believed to have acquired the knowledge attributed to him in the indictment, is strictly a matter of the Government's proof which it is not the office of a bill of particulars to expose. That is a subject necessarily comprehended in the allegation of wilfullness, and the truth of the matter is of course within the knowledge of the defendant. The demand is denied.

■ The ninth demand means whether the "falsely claimed" items were wholly fictitious; or if demonstrable, were not properly deductible. As to the latter, the question might turn upon the interpretation of the law and regulations. It is necessary to remember that the courts have justified "avoiding" a tax, and have condemned "evading" it. It seems therefore proper to require that this defendant should be apprised, so as to properly prepare for trial, which of these two theories the prosecution intends to rely upon; and if partly on one and partly on the other, to so specify as to items. So much of the motion is granted.

Demands ten and eleven can be disposed of together. The first calls only for what is clearly pleaded, namely the excess over what should have been claimed and what was in fact claimed; it is denied.

The second calls for a computation by the Government of what it concedes to have been the proper amount of deductions. It is thought that this information will be included in a proper statement of figures in answer to the ninth demand. That is, the items deemed to be fictitious if any, and those deemed to involve questions of interpretation of the law and the regulations.

That answer will necessarily disclose what is included in demand eleven, which for that reason is denied.

Settle order.